THE ASHFORD.

*(District Court, D. New Jersey. July 17, 1884.)*

COLLISION—CONTRADICTORY SIGNALS.
Libel for damages received in a collision, alleged to have occurred through the fault of the respondent in blowing contradictory signal whistles. The court investigates the conflicting testimony, and awards the damages as asked.

Libel *in Rem.*
*Beebe & Wilcox,* for libelant.
*H. Kettell,* for claimant.

NIXON, J. This libel is filed to recover damages for a collision which occurred on the twenty-first of November, 1883, on the Erie canal, about one-half mile west of Albion, between the libelant's boat, the Rapid, and the claimant's boat, known as No. 104, which was

the consort of another boat, also owned by the claimant, and called the Ashford. They were canal steam-boats, and were loaded, the Rapid having on board a full cargo of coal, and drawing about six feet of water. The Ashford and No. 104 were attached together, the latter in front of the former, and being propelled and controlled in all her movements by her. The Rapid was bound west towards Buffalo, and the Ashford east towards Troy. At a short distance from the point of collision there was a bend in the canal to the northward or tow-path side. The canal was about 100 feet wide where the surface of the water touched the bank, but the banks were sloping, so that laden boats of the draught of six feet could not approach nearer than ten feet of the side of the canal without touching the bottom. The collision occurred between 4 and 5 o'clock in the morning, which was before daylight at that season of the year. The boats had their regulation lights burning. Their lights were seen, the one by the other, when the boats were from a quarter to half a mile apart. There is conflicting testimony in regard to their speed. The Ashford had the current in her favor, and was going about three miles an hour, while the Rapid was proceeding at a slower rate of speed. About the time of observing each other the Ashford first sounded one whistle, which was at once answered by the Rapid; then three whistles, which the Rapid replied to with three. Here the proofs radically diverge with regard to the subsequent whistles. The libelant contends that the Rapid shortly afterwards gave three whistles, while the claimant insists that only two were given, which he promptly answered with two, and turned his boat to the tow-path side of the canal, as the two whistles signaled him to do. The general rule of the road for boats passing on the canal is for each to go to the right. The signal of one whistle means that movement, the boats passing on the port side of each other. Two whistles are a call for the boats to go to the left, giving their starboard side to each other. Three whistles are calls to slow up and slacken their speed. Remembering these rules and the signification of the whistles it is easy to account for the collision. The Ashford told the Rapid, by sounding the one whistle, that she wished to pass to the right. The Rapid assented by her reply. The collision took place on the tow-path side of the canal, where the Rapid was lying in obedience to the first signal. The Ashford, steaming from the heel-path, struck the port bow of the Rapid a few feet aft of the stem with such force that she almost immediately filled and sank. She claimed that she was governed by the signal of two whistles of the Rapid in thus going over to the tow-path side. On the other hand, the Rapid denied that she sounded two whistles, and insisted that she gave three to warn her to slow up. There is great conflict in the testimony on this point, but I think the weight is with the libelant, that three whistles were blown. The collision was caused by this mistake of the Ashford, and there must be a decree for the libelant, with costs.